STATE EX REL. BATZ and others, Appellant, vs. LEWIS, Village Clerk, Respondent.

*June 3—June 18, 1903.*

*Taxation: Banks and banking: Partnership: Unincorporated banking associations: Capital: Capital stock: Real estate as capital:*
Certiorari: *Description of intangible property on assessment roll.*

1. Sec. 1034, Stats. 1898, provides that all property in the state,. except such as is expressly exempt by law, is required to be taxed. Sec. 1038 covers all exemptions, and contains nothing applicable to the property in question in this action. Sec. 1042 provides that all the stock of every bank or banking association, and all the capital stock of every person, association or other corporation whatever engaged in the business of banking, shall be assessed and taxed in the county and assessment district where such bank or banking association, or where such person, association or corporation is located for the transaction of business. Sec. 1044 provides that bank stock shall be entered in the names of the holders of the several shares thereof respectively. *Held:*

(a) That said statutes put all property used in banking business, whether represented by shares in a corporation or rights in an unincorporated association, on the same basis.

(b) That the interests of the members of an unincorporated association engaged in banking, in the capital contributed for such business, are taxable as capital or capital stock to them respectively.

(c) That the legislative purpose was to regard all property used in banking business as a subject for taxation in its intangible form, and to make the situs thereof, for such purpose, that of the place where the banking business is conducted.

(d) That the fact that the capital of such an unincorporated association engaged in banking consists of real property, and was taxed as such to the association, does not affect the question of its being taxable in its intangible form to the members of such association.

2. The fact that a resolution adopted by a board of review provided for the assessment of the "capital stock" of a banking partnership, while the assessment, as entered, described the property as "capital," is not ground for vacating the assess-

ment on *certiorari*, since the writ reaches only the judgment of the board, not the manner of executing it.

3. Since sec. 1044, Stats. 1898, deals wholly with intangible rights, it is permissible to refer to them as shares of stock, capital stock, or capital, and hence it is immaterial which of these terms is used in an assessment of the interests of members in an unincorporated banking association, as entered on the assessment roll.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

In 1901 the relators were engaged as copartners in the business of banking in the village of Sun Prairie, Wisconsin. The assessor for such village in such year valued the personal property of the association subject to taxation, consisting of mortgages, accounts, credits, bonds, notes, and other securities, at $24,000, and their other personal property, consisting of bank fixtures and furniture, at $1,000. Due application was thereafter made to the board of review to reduce such assessment, and in support thereof J. M. Batz, cashier, was sworn and testified before the board, in effect, thus: The assets of the association consisted of furniture, fixtures and bills and accounts receivable, and exceeded the liabilities to depositors by $2,116.17. The association is unincorporated. It has an unincumbered capital of $25,000, consisting of real estate. It has no cash capital. The partnership business is carried on under an arrangement in respect to capital whereby each member contributed real estate in that regard to the amount of $8,333.33. One put in two stores, the bank building and a dwelling house in the village, one part of his farm in the town of Bristol, and the other land in the town of Sun Prairie. A deed was made by each and all were delivered to the cashier. One deed was not completed by reason of the incapacity of the grantor's wife to execute the same. The bank capital is unimpaired. The cashier's evidence was corroborated by that of a member of the association. After such evidence was taken, notice of the intention of the board

to assess the capital stock of the bank was waived. There-
after the board adopted a resolution for the assessment of the
capital stock of the bank, valued, as stated in the evidence,
at $25,000, to the individual members of the association,
$8,333.34 to *George P. Batz,* $8,333.33 to *Peter Batz,* and a
like sum to *Erhard Batz.* The prior assessment of the prop-
erty of the bank, of $24,000 and $1,000, was then on motion
released. Thereafter the board caused to be entered upon
the assessment roll as capital of the association a'sessments
corresponding to the resolution aforesaid, except that the
property was called capital. Such proceedings were there-
after had that such action was duly presented upon a writ of
*certiorari* to the circuit court for review, where, upon a hear-
ing duly had, it was affirmed.

*K. K. Kennan,* for the appellant.

For the respondent there was a brief by *Buell & Hanks,*
and oral argument by *C. E. Buell.*

MARSHALL, J. The appeal presents for consideration this
question: Are the interests of the members of an unincorpo-
rated association engaged in the business of banking, in the
capital contributed for such business, taxable as capital or
capital stock to them respectively, at the place where such
business is conducted? The learned trial court held in the
affirmative. The answer must be read out of the statutes.

By sec. 1034, Stats. 1898, all property in the state, except
such as is expressly exempted by law, is required to be taxed.
Sec. 1038, Id., covers all exemptions. It contains nothing
applicable to the property in question.

Subd. 9 thereof provides that, "Stock in any corporation in
this state which is required to pay taxes upon its property in
the same manner as individuals," shall be exempt from taxa-
tion. It might be argued therefrom that, inferentially, the
capital of a banking corporation, using the term "capital" in
respect to property paid in upon subscriptions to capital

stock, distinct from the stock itself, is exempt from taxation. But we are not dealing with corporate property, so need not discuss that subject.

Sec. 1042, Id., provides that, "All the stock of every bank or banking association . . . and all the capital stock of every person, association or other corporation whatever engaged in the business of banking, . . . shall be assessed and taxed in the county and assessment district where such bank or banking association or where such person, association or corporation is located for the transaction of business." That clearly puts all property used in banking business, whether represented by shares in a corporation or rights in an unincorporated association, on the same basis. While the property in its tangible form is regarded as that of the corporation or association, at the same time it has an intangible form in which it is owned by individuals and is subject to be valued and taxed. In case of a corporation that form is the shares of stock. In an unincorporated association the intangible form consists of rights having no specific evidentiary form, though equivalent to shares of stock. What the term "capital stock" means in a technical sense, as regards corporations, does not control and need not be discussed. It is sufficient for this case to determine in what sense it was used in those sections of the statute material to the decision.

Sec. 1044, Stats. 1898, provides that, "Bank stock shall be entered in the names of the holders of the several shares thereof respectively." The meaning of that seems unmistakable. If it were necessary to resort to judicial construction or the history of the legislation to discover the same, it would not be difficult to demonstrate, as suggested by the revisors, that the section was put in its present form for the very purpose of placing owners of stock in banking corporations, and owners of shares in other corporations, or rights in associations engaged in the banking business as regards capital in such business, upon the same basis. It will be seen that shares

in a banking corporation are made taxable to the owners thereof at the place where the bank is located, and that the language to that effect is followed by other language making capital stock of every other person, association or corporation engaged in banking business, taxable in the same way, the individual ownerships in every case to be entered upon the assessment and tax rolls in the names of such owners respectively. Thus, as to banking corporations, the term "stock" is used in its technical sense. As to other corporations and persons engaged in banking business the term refers to rights in property equivalent to rights represented by shares of stock in a corporation. That is to say, a given interest in the capital of an unincorporated association engaged in banking business is placed on the same basis as if the association were incorporated and such interest were represented by shares of stock therein.

It seems that, without going further, we have sufficiently demonstrated that the question submitted for decision must be decided in the affirmative. The suggestions urged in support of the contrary view, that appellants were not incorporated and therefore had no capital stock to be taxed, and that the board should have assessed whatever property the association owned to the association by name, are answered in the plain terms of the statute. The legislative purpose was to regard all property used in the banking business as a subject for taxation in its intangible form, and to make the situs thereof, for such purpose, that of the place where the banking business is conducted. The fact that the capital of the association in question consisted of real property, and the further fact, if it be a fact, that it was taxed as such to the association, does not affect the question before us. If the capital of the association, whether consisting of realty or other property distinct from the rights of the individual members thereof therein, is exempt from taxation, that can be dealt with when reached. Certainly, the legislature can, if it sees fit, treat a mere right

in property, the title to and possession of which stand pledged as a basis for a particular business, as a proper subject for taxation, when such right represents an interest in tangible things owned by an unincorporated association just as legitimately as when it is representative of property in specie owned by a corporation and evidenced by shares of stock. A right in the latter form is a thing of value subject to be bought and sold independently of the corporeal things possessed by the corporation. A right in the former may, to a large degree, be treated in the same way. In case of a corporation the title to the tangible things is vested in it, while the intangible rights are property in and of themselves vested in the members of the corporation respectively, and the same is true of an unincorporated association. A situs can be given by law for the purposes of taxation in the one case as well as in the other.

The point is made that the board of review resolved that the interests of appellants in the banking association should be assessed to them respectively as capital stock, and that the assessment was in fact made as capital. There are two answers to that. First, the writ of *certiorari* reached only the judgment of the board, not the manner in which it was executed. Such judgment followed the exact wording of the statute requiring the interests of the members of the association in its capital stock to be assessed to them respectively. Second. The term used by the board and that used in assessing the property, in the light of the statute, are synonymous, though technically speaking they are not. Strictly speaking, capital stock in a corporation or association is quite different from capital of either, the one referring to the tangible, and the other to rights in property evidenced, in case of a corporation, by certificates of stock. But the terms are used interchangeably and synonymously in laws and decisions. Thompson, Corporations, § 1060. The term "capital" as accurately described the intangible property rights of appellants

in property of the association, as the term "capital stock." It seems obvious that sec. 1044, Stats. 1898, deals wholly with intangible rights and that it is permissible to refer to them either as shares of stock, capital stock, or shares of capital, or capital.

*By the Court.*—The judgment is affirmed.

SIEBECKER, J., took no part.